EXHIBIT A

ORIGINAL

By Fax

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KINDERCARE EDUCATION LLC., a Delaware corporation; and
DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROCHELLE WESTMORELAND, as an individual and on behalf of all
others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of San Francisco<br>400 McAllister St., San Francisco, CA 94102 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>**CGC-19-573125** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Larry W. Lee (SBN 228175)/Diversity Law Group,515 S. Figueroa St.#1250,LA, CA 90071,213-488-6555

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | JAN 24 2019 | CLERK OF THE COURT   Clerk, by<br>*(Secretario)* MEREDITH GRIER | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ORIGINAL

1  Larry W. Lee (State Bar No. 228175)
2  Nicholas Rosenthal (State Bar No. 268297)
   Kristen Agnew (State Bar No. 247656)
3  Mai Tulyathan (State Bar No. 316704)
   **DIVERSITY LAW GROUP, P.C.**
4  515 S. Figueroa St., Suite 1250
   Los Angeles, California 90071
5  (213) 488-6555
6  (213) 488-6554 facsimile

7  William L. Marder (State Bar No. 170131)
   **Polaris Law Group LLP**
8  501 San Benito Street, Suite 200
9  Hollister, CA 95023
   (831) 531-4214
10 (831) 634-0333 facsimile

11 Attorneys for Plaintiff and the Class

12

13

14            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15               **FOR THE COUNTY OF SAN FRANCISCO**

16 ROCHELLE WESTMORELAND, as an    Case No. **CGC-19-573125**
   individual and on behalf of all others
17 similarly situated,                **CLASS ACTION COMPLAINT FOR**
                                      **DAMAGES FOR:**
18
                Plaintiffs,            **(1) VIOLATION OF LABOR CODE §§ 201-**
19                                         **203**
20
       vs.
21                                    **DEMAND OVER $25,000.00**
22 KINDERCARE EDUCATION LLC., a
   Delaware corporation; and DOES 1
23 through 50, inclusive,
24
                Defendants.
25
26
27
28

**F I L E D**
San Francisco County Superior Court

JAN 24 2019

CLERK OF THE COURT
BY: _____
            Deputy Clerk

By Fax

1

Plaintiff Rochelle Westmoreland ("Plaintiff") hereby submits this Class Action Complaint ("Complaint") against Defendant KinderCare Education LLC ("Defendant") and Does 1 through 50 (collectively, "Defendants") on behalf of herself and the class of all other similarly situated former employees of Defendants for all damages and penalties arising from Defendants' violations of the California Labor Code as follows:

## INTRODUCTION

1.     This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 212, and 213, the applicable Wage Orders of the California Industrial Welfare Commission ("IWC").

2.     This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants.

3.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees resulting from Defendants': (a) issuance of paycards as final wages without employee authorization or consent, and (b) failure to timely pay all final wages upon separation of employment.

4.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code by creating and maintaining policies, practices, and customs that knowingly deny employees the above stated rights and benefits.

5.     The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over the violations of the California Labor Code §§ 201-203, 212, and 213.

7.     Venue is proper in San Francisco County because Defendant does business in San Francisco County, and Plaintiff worked for Defendant in San Francisco County.

## **PARTIES**

8.      Plaintiff was employed by Defendant as a Director, until the termination of her employment on January 7, 2019.  Plaintiff was and is the victim of the policies, practices, and customs of Defendant complained of in this action in ways that have deprived her of the rights guaranteed to her by California Labor Code, including without limitation, §§ 201-203, 212, and 213.

9.      Plaintiff is informed and believes and based thereon alleges Defendant was and is a Delaware Corporation with numerous locations nationwide, including a location in the County of San Francisco.  Defendant does business throughout the State of California providing childcare services and early childhood education.

10.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.     As such, and based upon all the facts and circumstances incident to Defendant's business, Defendant is subject to California Labor Code §§ 201-203, 212, and 213.

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs, and injuries complained of herein.

13.     At all times herein mentioned, each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17.     **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382.  Plaintiff proposes the following Class:

a.     All former employees who were employed by Defendants in the State of California at any time from January 24, 2016, through the present, whose employment was separated for any reason (voluntary or involuntary), including without limitation, resignation, termination, and/or lay-off, and during their employment was paid their wages via a non-paycard method but upon their separation of employment received their final wages in the form of an paycard (the "Class").

18.     Plaintiff further reserves the right to amend such class definition based upon further discovery.

19.     **Numerosity and Ascertainability:**  The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records.  Plaintiff is informed and believes, and based thereon alleges, that Defendants: (a) violated Labor Code §§ 212 and 213 by issuing payment of final wages to separated employees in the form of a paycard without authorization, which required employees to incur fees to use, was not fully cashable, and was not usable at all financial institutions, and (b) violated Labor Code §§ 201-203 by failing to timely pay all final wages to separated employees as a result of the issuance of paycards.

20.     **Adequacy of Representation:**  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and the individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

21.     Plaintiff is informed and believes and based thereon alleges that Defendants uniformly administered a corporate policy, procedure, and practice of: (a) issuing payment of final wages to separated employees in the form of a paycard without authorization, which required employees to incur fees to use, was not fully cashable, and was not usable at all financial institutions in violation of Labor Code §§ 212 and 213, and (b) failing to timely pay all wages to separated employees in violation of Labor Code §§ 201-203 as a result of the issuance of paycards.

22.     Plaintiff is informed and believes, and based thereon alleges, that this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to comply with the alleged Labor Codes.

23.     **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' policy and practice of: (a) violating Labor Code §§ 212 and 213 by

1    issuing payment of final wages to separated employees in the form of a paycard without

2    authorization, which required employees to incur fees to use, was not fully cashable, and was not

3    usable at all financial institutions, and (b) violating Labor Code §§ 201-203 by failing to timely

4    pay all final wages to separated employees as a result of the issuance of paycards.

5        24.    **Typicality:** The claims of Plaintiff are typical of the claims of all members of

6    the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical

7    manner as the Class Members. Plaintiff is a former employee of Defendants. During her

8    employment, she did not authorize her wages to be paid via a paycard. However, upon her

9    termination of employment on or around January 7, 2019, Plaintiff was issued her final wages in

10   the form of a paycard. Plaintiff, however, never gave authorization or consented to receiving her

11   final wages in the form of a paycard. Moreover, Plaintiff was charged a fee to use the card and

12   has been unable to access all the monies contained on the paycard. As such, Plaintiff has not

13   been paid all final wages due upon termination, in violation of Labor Code §§ 201-203.

14   Accordingly, Plaintiff is a member of the Class and has suffered the alleged violations of

15   California Labor Code §§ 201-203, 212, and 213.

16       25.    The California Labor Code upon which Plaintiff bases these claims are broadly

17   remedial in nature. These laws and labor standards serve an important public interest in

18   establishing minimum working conditions and standards in California. These laws and labor

19   standards protect the average working employee from exploitation by employers who may seek

20   to take advantage of superior economic and bargaining power in setting onerous terms and

21   conditions of employment.

22       26.    The nature of this action and the format of laws available to Plaintiff and

23   members of the Class identified herein make the class action format a particularly efficient and

24   appropriate procedure to redress the wrongs alleged herein. If each employee were required to

25   file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable

26   advantage since it would be able to exploit and overwhelm the limited resources of each

27   individual plaintiff with their vastly superior financial and legal resources. Requiring each class

28   member to pursue and individual remedy would also discourage the assertion of lawful claims by

6

1    employees who would be disinclined to file an action against their former and/or current

2    employer for real and justifiable fear of retaliation and permanent damage to their careers at

3    subsequent employment.

4         27.     The prosecution of separate actions by the individual class members, even if

5    possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

6    to individual class members against the Defendants and which would establish potentially

7    incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to

8    individual class members which would, as a practical matter, be dispositive of the interest of the

9    other class members not parties to the adjudications or which would substantially impair or

10    impede the ability of the class members to protect their interests. Further, the claims of the

11    individual members of the class are not sufficiently large to warrant vigorous individual

12    prosecution considering all of the concomitant costs and expenses.

13         28.     Such a pattern, practice and uniform administration of corporate policy regarding

14    illegal employee compensation described herein is unlawful and creates an entitlement to

15    recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of

16    the full amount of unpaid wages, including interest thereon, applicable penalties, reasonable

17    attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203,

18    218.5, and Code of Civil Procedure § 1021.5.

19         29.     Proof of a common business practice or factual pattern, which the named Plaintiff

20    experienced and is a representative of, will establish the right of each of the members of the

21    Plaintiff class to recovery on the causes of action alleged herein.

22         30.     The Plaintiff class is commonly entitled to a specific fund with respect to the

23    compensation illegally and unfairly retained by Defendants. The Plaintiff class is commonly

24    entitled to restitution of those funds being improperly withheld by Defendants. This action is

25    brought for the benefit of the entire Class and will result in the creation of a common fund.

26    ///

27    ///

28    ///

# FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 201-203

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

31.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32.     Labor Code § 201 provides that all wages earned and unpaid at the time of an employee's discharge are due and payable immediately.  Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages must be paid not later than 72 hours thereafter, unless the employee has given 72 hours' previous notice, in which case the employee must be paid all wages due and earned at the time of quitting.  Labor Code § 203 provides that an employer who willfully fails to pay such wages due to an employee who is discharged or quits must pay that employee waiting time penalties in the form of a day's wages up to 30 days until all of the wages owed are paid.

33.     As a pattern and practice, Defendants regularly and willfully failed and refused to pay all wages due and earned to discharged employees at the time of their termination, or within 72 hours of employees who quit and/or have resigned, or at the time of termination for those employees who gave 72 hours' notice.  More specifically, Defendants violated Labor Code §§ 201-203 by, among other unlawful acts, issuing paycards as final payment of wages to employees who have been discharged and/or resigned without such employees' authorization.  As alleged herein, these paycards required fees for usage and did not allow employees to access all of the monies contained on such cards.

34.     As such, Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of California Labor Code §§ 201-203.

35.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203 and 218.5.

1

**PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf

3   this suit is brought against Defendants, jointly and severally, as follows:

4        1.        For an order appointing Plaintiff as the representative of the Class as described

5   herein;

6        2.        For an order appointing Counsel for Plaintiff as class counsel;

7        3.        Upon the First Cause of Action, for damages and/or penalties, as well as

8   attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-203, and for costs

9   and attorneys' fees, including pursuant to Labor Code § 218.5 and California Code of Civil

10  Procedure § 1021.5;

11       4.        For such other and further relief that the Court may deem just and proper.

12

13  DATED: January 24, 2019                    DIVERSITY LAW GROUP, P.C.

14

15                                    By:_____

16                                         Larry W. Lee
                                           Kristen M. Agnew
17                                         Nick Rosenthal
                                           Mai Tulyathan
18                                    Attorneys for Plaintiff and the Class

19

20

21

22

23

24

25

26

27

28

9

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Larry W. Lee (SBN 228175)
DIVERSITY LAW GROUP
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
TELEPHONE NO.: (213) 488-6555   FAX NO.: (213) 488-6554
ATTORNEY FOR *(Name):* Plaintiff Rochelle Westmoreland

**FOR COURT USE ONLY**

**FILED**
San Francisco County Superior Court
JAN 24 2019
CLERK OF THE COURT
BY: _____
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

**CASE NAME:**
Rochelle Westmoreland v. KinderCare Education LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-19-573125 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 24, 2019

Larry W. Lee
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL

By Fax

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT B

1  Larry W. Lee (State Bar No. 228175)
2  Nicholas Rosenthal (State Bar No. 268297)
   Kristen Agnew (State Bar No. 247656)
3  Mai Tulyathan (State Bar No. 316704)
   **DIVERSITY LAW GROUP, P.C.**
4  515 S. Figueroa St., Suite 1250
   Los Angeles, California 90071
5  (213) 488-6555
6  (213) 488-6554 facsimile

7  William L. Marder (State Bar No. 170131)
   **Polaris Law Group LLP**
8  501 San Benito Street, Suite 200
9  Hollister, CA 95023
   (831) 531-4214
10 (831) 634-0333 facsimile

11 Attorneys for Plaintiff and the Class
12

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco
**02/26/2019**
Clerk of the Court
BY:DAVID YUEN
Deputy Clerk

13

14             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                  **FOR THE COUNTY OF SAN FRANCISCO**

16 ROCHELLE WESTMORELAND, as an          Case No.: CGC-19-573125
   individual and on behalf of all others
17 similarly situated,                    **FIRST AMENDED CLASS AND**
                                          **REPRESENTATIVE ACTION COMPLAINT**
18                                        **FOR DAMAGES FOR:**
19             Plaintiffs,
                                              **(1) VIOLATION OF LABOR CODE §§ 201-**
20                                                **203**
       vs.                                    **(2) VIOLATION OF LABOR CODE § 2698,**
21                                                **ET SEQ.**
22 KINDERCARE EDUCATION LLC., a
   Delaware corporation; and DOES 1
23 through 50, inclusive,                 **DEMAND OVER $25,000.00**
24
25             Defendants.
26
27
28

Document received by the CA 1st District Court of Appeal.

1

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1   Plaintiff Rochelle Westmoreland ("Plaintiff") hereby submits this First Amended Class
2   and Representative Action Complaint ("Complaint") against Defendant KinderCare Education
3   LLC ("Defendant") and Does 1 through 50 (collectively, "Defendants") on behalf of herself and
4   the class of all other similarly situated former employees of Defendants for all damages and
5   penalties arising from Defendants' violations of the California Labor Code as follows:

6   **INTRODUCTION**

7   1.   This class and representative action is within the Court's jurisdiction under
8   California Labor Code §§ 201-203, 212, 213, and 2698, *et seq.*, the applicable Wage Orders of
9   the California Industrial Welfare Commission ("IWC").

10   2.   This complaint challenges systemic illegal employment practices resulting in
11   violations of the California Labor Code against individuals who worked for Defendants.

12   3.   Plaintiff is informed and believes, and based thereon alleges, that Defendants,
13   jointly and severally, have acted intentionally and with deliberate indifference and conscious
14   disregard to the rights of all employees resulting from Defendants': (a) issuance of paycards as
15   final wages without employee authorization or consent, and (b) failure to timely pay all final
16   wages upon separation of employment.

17   4.   Plaintiff is informed and believes, and based thereon alleges, that Defendants
18   have engaged in, among other things a system of willful violations of the California Labor Code
19   by creating and maintaining policies, practices, and customs that knowingly deny employees the
20   above stated rights and benefits.

21   5.   The policies, practices and customs of defendants described above and below
22   have resulted in unjust enrichment of Defendants and an unfair business advantage over
23   businesses that routinely adhere to the strictures of the California Labor Code.

24   **JURISDICTION AND VENUE**

25   6.   The Court has jurisdiction over the violations of the California Labor Code §§
26   201-203, 212, 213, and 2698, *et seq*.

27   7.   Venue is proper in San Francisco County because Defendant does business in San
28   Francisco County, and Plaintiff worked for Defendant in San Francisco County.

Document received by the CA 1st District Court of Appeal.

2

**PARTIES**

8.      Plaintiff was employed by Defendant as a Director, until the termination of her employment on January 7, 2019.  Plaintiff was and is the victim of the policies, practices, and customs of Defendant complained of in this action in ways that have deprived her of the rights guaranteed to her by California Labor Code, including without limitation, §§ 201-203, 212, 213, and 2698, *et seq*.

9.      Plaintiff is informed and believes and based thereon alleges Defendant was and is a Delaware Corporation with numerous locations nationwide, including a location in the County of San Francisco.  Defendant does business throughout the State of California providing childcare services and early childhood education.

10.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.      As such, and based upon all the facts and circumstances incident to Defendant's business, Defendant is subject to California Labor Code §§ 201-203, 212, 213, and 2698, *et seq* .

12.      Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs, and injuries complained of herein.

13.      At all times herein mentioned, each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

Document received by the CA 1st District Court of Appeal.

3

14. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382. Plaintiff proposes the following Class:

a. All former employees who were employed by Defendants in the State of California at any time from January 24, 2016, through the present, whose employment was separated for any reason (voluntary or involuntary), including without limitation, resignation, termination, and/or lay-off, and during their employment was paid their wages via a non-paycard method but upon their separation of employment received their final wages in the form of an paycard (the "Class").

18. Plaintiff further reserves the right to amend such class definition based upon further discovery.

Document received by the CA 1st District Court of Appeal.

4

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

19.     **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records.  Plaintiff is informed and believes, and based thereon alleges, that Defendants: (a) violated Labor Code §§ 212 and 213 by issuing payment of final wages to separated employees in the form of a paycard without authorization, which required employees to incur fees to use, was not fully cashable, and was not usable at all financial institutions, and (b) violated Labor Code §§ 201-203 by failing to timely pay all final wages to separated employees as a result of the issuance of paycards.

20.     **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and the individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

21.     Plaintiff is informed and believes and based thereon alleges that Defendants uniformly administered a corporate policy, procedure, and practice of: (a) issuing payment of final wages to separated employees in the form of a paycard without authorization, which required employees to incur fees to use, was not fully cashable, and was not usable at all financial institutions in violation of Labor Code §§ 212 and 213, and (b) failing to timely pay all wages to separated employees in violation of Labor Code §§ 201-203 as a result of the issuance of paycards.

22.     Plaintiff is informed and believes, and based thereon alleges, that this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to comply with the alleged Labor Codes.

23.     **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' policy and practice of: (a) violating Labor Code §§ 212 and 213 by

5

1    issuing payment of final wages to separated employees in the form of a paycard without
2    authorization, which required employees to incur fees to use, was not fully cashable, and was not
3    usable at all financial institutions, and (b) violating Labor Code §§ 201-203 by failing to timely
4    pay all final wages to separated employees as a result of the issuance of paycards.

5    24.    **Typicality:**  The claims of Plaintiff are typical of the claims of all members of
6    the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical
7    manner as the Class Members.  Plaintiff is a former employee of Defendants.  During her
8    employment, she did not authorize her wages to be paid via a paycard.  However, upon her
9    termination of employment on or around January 7, 2019, Plaintiff was issued her final wages in
10   the form of a paycard.  Plaintiff, however, never gave authorization or consented to receiving her
11   final wages in the form of a paycard.  Moreover, Plaintiff was charged a fee to use the card and
12   has been unable to access all the monies contained on the paycard.  As such, Plaintiff has not
13   been paid all final wages due upon termination, in violation of Labor Code §§ 201-203.
14   Accordingly, Plaintiff is a member of the Class and has suffered the alleged violations of
15   California Labor Code §§ 201-203, 212, and 213.

16   25.    The California Labor Code upon which Plaintiff bases these claims are broadly
17   remedial in nature.  These laws and labor standards serve an important public interest in
18   establishing minimum working conditions and standards in California.  These laws and labor
19   standards protect the average working employee from exploitation by employers who may seek
20   to take advantage of superior economic and bargaining power in setting onerous terms and
21   conditions of employment.

22   26.    The nature of this action and the format of laws available to Plaintiff and
23   members of the Class identified herein make the class action format a particularly efficient and
24   appropriate procedure to redress the wrongs alleged herein.  If each employee were required to
25   file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable
26   advantage since it would be able to exploit and overwhelm the limited resources of each
27   individual plaintiff with their vastly superior financial and legal resources.  Requiring each class
28   member to pursue and individual remedy would also discourage the assertion of lawful claims by

Document received by the CA 1st District Court of Appeal.

6

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1  employees who would be disinclined to file an action against their former and/or current

2  employer for real and justifiable fear of retaliation and permanent damage to their careers at

3  subsequent employment.

4      27.    The prosecution of separate actions by the individual class members, even if

5  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

6  to individual class members against the Defendants and which would establish potentially

7  incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to

8  individual class members which would, as a practical matter, be dispositive of the interest of the

9  other class members not parties to the adjudications or which would substantially impair or

10  impede the ability of the class members to protect their interests.  Further, the claims of the

11  individual members of the class are not sufficiently large to warrant vigorous individual

12  prosecution considering all of the concomitant costs and expenses.

13      28.    Such a pattern, practice and uniform administration of corporate policy regarding

14  illegal employee compensation described herein is unlawful and creates an entitlement to

15  recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of

16  the full amount of unpaid wages, including interest thereon, applicable penalties, reasonable

17  attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203,

18  218.5, and Code of Civil Procedure § 1021.5.

19      29.    Proof of a common business practice or factual pattern, which the named Plaintiff

20  experienced and is a representative of, will establish the right of each of the members of the

21  Plaintiff class to recovery on the causes of action alleged herein.

22      30.    The Plaintiff class is commonly entitled to a specific fund with respect to the

23  compensation illegally and unfairly retained by Defendants.  The Plaintiff class is commonly

24  entitled to restitution of those funds being improperly withheld by Defendants.  This action is

25  brought for the benefit of the entire Class and will result in the creation of a common fund.

26  ///

27  ///

28  ///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Document received by the CA 1st District Court of Appeal.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 201-203**

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

31.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32.     Labor Code § 201 provides that all wages earned and unpaid at the time of an employee's discharge are due and payable immediately.  Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages must be paid not later than 72 hours thereafter, unless the employee has given 72 hours' previous notice, in which case the employee must be paid all wages due and earned at the time of quitting.  Labor Code § 203 provides that an employer who willfully fails to pay such wages due to an employee who is discharged or quits must pay that employee waiting time penalties in the form of a day's wages up to 30 days until all of the wages owed are paid.

33.     As a pattern and practice, Defendants regularly and willfully failed and refused to pay all wages due and earned to discharged employees at the time of their termination, or within 72 hours of employees who quit and/or have resigned, or at the time of termination for those employees who gave 72 hours' notice.  More specifically, Defendants violated Labor Code §§ 201-203 by, among other unlawful acts, issuing paycards as final payment of wages to employees who have been discharged and/or resigned without such employees' authorization.  As alleged herein, these paycards required fees for usage and did not allow employees to access all of the monies contained on such cards.

34.     As such, Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of California Labor Code §§ 201-203.

35.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203 and 218.5.

8

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

Document received by the CA 1st District Court of Appeal.

## SECOND CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE § 2698, ET SEQ.

### (AGAINST ALL DEFENDANTS BY PLAINTIFFS AND ON BEHALF OF THE AGGRIEVED EMPLOYEES)

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37.     Plaintiff brings this cause of action as a proxy for the State of California and in this capacity seeks penalties on behalf of all Aggrieved Employees from January 18, 2018, through the present for Defendants' violations of Labor Code §§ 201-203, 212, and 213.  As identified above, Defendant violated these Labor Code sections by failing to pay Defendants' employees in a way that complies with the Labor Code.

38.     Because of Defendant's violations of the Labor Code sections described above, Plaintiff is an "aggrieved employee" as defined in Labor Code section 2699(a).  As such, Plaintiff brings this cause of action on behalf of the State of California for violations committed against all similarly situated Aggrieved Employees of Defendant.

39.     On or about January 18, 2019, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendant's violations of the Labor Code sections described above, pursuant to Labor Code section 2699.3.

40.     As of the date of the filing of this Complaint, the LWDA has yet to provide notice to Plaintiff as to whether it intends to investigate the Labor Code violations provided for in the written notice.

41.     As such, pursuant to Labor Code sections 2699(a) and 2699.3, Plaintiff and the Aggrieved Employees may seek recovery of all applicable civil penalties on behalf of the State of California for Defendants' violations of the Labor Code sections set forth above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.     For an order appointing Plaintiff as the representative of the Class as described

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Document received by the CA 1st District Court of Appeal.

1  herein;

2      2.      For an order appointing Counsel for Plaintiff as class counsel;

3      3.      Upon the First Cause of Action, for damages and/or penalties, as well as

4  attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 201-203, and for costs

5  and attorneys' fees, including pursuant to Labor Code § 218.5 and California Code of Civil

6  Procedure § 1021.5;

7      4.      Upon the Second Cause of Action, for civil penalties pursuant to California Labor

8  Code § 2698, *et seq.*, and for costs and attorneys' fees; and

9      5.      For such other and further relief that the Court may deem just and proper.

10

11  DATED: February 25, 2019             DIVERSITY LAW GROUP, P.C.

12

13  By:_____

14                 Larry W. Lee
               Kristen M. Agnew

15                 Nick Rosenthal
               Mai Tulyathan

16                 Attorneys for Plaintiff and the Class

17

18

19

20

21

22

23

24

25

26

27

28

Document received by the CA 1st District Court of Appeal.

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

**(Code of Civil Procedure Sections 1013a, 2015.5)**

STATE OF CALIFORNIA          ]
                             ]ss.
COUNTY OF LOS ANGELES        ]

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 515 S. Figueroa Street, Suite 1250, Los Angeles, California 90071.

     On February 26, 2019, I served the following document(s) described as:  **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES** on the interested parties in this action as follows:

Rishi Puri
purir@lanepowell.com
Lane Powell
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
*Attorney for Defendant KinderCare Education LLC*

    __X__    BY MAIL: by placing _____ the original or __X__ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service.  On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices.  The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 26, 2019, at Los Angeles, California.

_____
Erika Mejia

Document received by the CA 1st District Court of Appeal.

EXHIBIT C

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
THOMAS R. KAUFMAN, Cal. Bar No. 177936
rjamgotchian@sheppardmullin.com
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com
RAYMOND J. NHAN, Cal. Bar No. 306696
rnhan@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701

Attorneys for Defendant
KINDERCARE EDUCATION LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ROCHELLE WESTMORELAND, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KINDERCARE EDUCATION LLC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CGC-19-573125<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: February 26, 2019 |

Defendant Kindercare Education LLC ("Kindercare" or "Defendant") hereby answers the

unverified First Amended Complaint ("Complaint") of Plaintiff Rochelle Westmoreland

("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30,

Kindercare denies, generally and specifically, each and every allegation, statement, and matter,

and each purported cause of action contained in the Complaint, and, without limiting the

generality of the foregoing, deny generally and specifically that Plaintiff has been damaged in any way at all by reason of any acts or omissions of Kindercare.

## ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Kindercare alleges the following additional defenses.  In asserting these defenses, Kindercare does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

### (Failure To State a Cause of Action)

1.      As to Plaintiff's Complaint, or any purported cause of action therein alleged, Plaintiff fails to state facts sufficient to constitute claims upon which relief can be granted against Kindercare.

## SECOND DEFENSE

### (Estoppel)

2.      Plaintiff, by her conduct, is estopped to assert any cause of action against Defendants.

## THIRD DEFENSE

### (Waiver)

3.      Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## FOURTH DEFENSE

### (Unclean Hands)

4.      Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## FIFTH DEFENSE

### (Excessive Penalties Unconstitutional)

5.      The statutory and civil penalties Plaintiff seeks in this case are excessive and thus violate Kindercare's rights under the state and federal Constitutions.

ANSWER TO FIRST AMENDED COMPLAINT

SMRH:4871-5320-2272.1

## SIXTH DEFENSE

### (No Willful Violation of Labor Code Section 203)

6.       Plaintiff is not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Kindercare did not willfully fail to comply with the compensation provisions of Cal. Labor Code § 200, *et seq*., but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of Cal. Labor Code § 200, *et seq.*

## SEVENTH DEFENSE

### (Consent)

7.       To the extent Plaintiff or any putative class member received payment through a paycard, they actually or constructively consented to receive payment in this manner rather than through a paper paycheck.

## EIGHTH DEFENSE

### (Arbitration)

8.       To the extent any putative class member signed an arbitration agreement that requires individual arbitration, such a putative class member cannot participate as a class member in the class claims or as an "aggrieved employee" with respect to the representative PAGA claim.

## NINTH DEFENSE

### (Release)

9.       The claims any putative class member is barred to the extent that putative class member executed a release of claims.

## PRAYER

WHEREFORE, Kindercare pray for judgment as follows:

1.       That Plaintiff take nothing by the Complaint;

2.       That judgment be entered in favor of Kindercare and against Plaintiff on all causes of action;

3.       That Kindercare be awarded reasonable attorneys' fees according to proof on the ground that this action is groundless and filed without a reasonable basis;

4.      That Kindercare be awarded the costs of suit incurred herein; and

5.      That Kindercare be awarded such other and further relief as the Court may deem appropriate and proper.

Dated:  June 26, 2023            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ Thomas R. Kaufman

THOMAS R. KAUFMAN
PAUL BERKOWITZ
RAYMOND NHAN
Attorneys for Defendant
KINDERCARE EDUCATION LLC

-4-

ANSWER TO FIRST AMENDED COMPLAINT

<u>PROOF OF SERVICE</u>

<u>Westmoreland v. KinderCare</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On June 26, 2023, I served true copies of the following document(s) described as **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Larry W. Lee | William L. Marder |
| DIVERSITY LAW GROUP, P.C. | Polaris Law Group LLP 501 San Benito Street, |
| 515 S. Figueroa St., Suite 1250 Los Angeles, | Suite 200 |
| CA 90071 | Hollister, CA 95023 |
| Tel: (213) 488-6555 Fax: (213) 488-6554 | Tel: (831) 531-4214 Fax: (831) 634-0333 |

**X BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address gschemerhorn@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 26, 2023, at Los Angeles, California.

*Gina E. Schemerhorn*
_____
Gina E. Schemerhorn

ANSWER TO FIRST AMENDED COMPLAINT

SMRH:4871-5320-2272.1