UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date: June 20, 2024                                                                                   Judge: Hon. James Donato

Time: 5 Minutes

Case No.        **3:23-cv-03168-JD**
Case Name       **Westmoreland v. Kindercare Education LLC, a Delaware Corporation**

Attorney(s) for Plaintiff(s):    Larry Lee
Attorney(s) for Defendant(s):    Thomas Kaufman

Deputy Clerk: Lisa R. Clark                                                  Court Reporter: Kendra Steppler

PROCEEDINGS

Hearing on motion to remand -- Held.

NOTES AND ORDERS

The motion to remand, Dkt. No. 9, is denied for the reasons stated on the record. In summary, a defendant may remove up to thirty days after "receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper form which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). The record indicates plaintiff Westmoreland did not serve Kindercare with a paper from which removability was ascertainable. Rather, Kindercare elected to remove the case to federal court after conducting an independent review of payroll records in its possession. Consequently, Section 1446(b)(3)'s 30-day clock was never triggered, and Kindercare's removal was timely.

The Court recognizes that there has been an element of gamesmanship in Westmoreland's litigation conduct up to this point. Even so, there is no equitable exception to Section 1446, and our Circuit has expressly acknowledged that:

> [i]t is thus at least theoretically possible in a CAFA case for a defendant to wait . . . until the eve of trial in state court, before filing a notice of removal . . . . Our best answer -- and likely a sufficient answer -- is that plaintiffs are in a position to protect themselves. If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only

1

> provide to the defendant a document from which removability may be ascertained.

*Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

The parties are directed to jointly submit by July 5, 2024, a proposed case schedule, with a trial date in Q2 or Q3 of 2025.  The parties are advised that each side may file one summary judgment motion after the close of fact discovery.